FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA 99 SEP 22 PM 3: 05
MIDDLE DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

ALONZO MILLER,                )
                              )
        Plaintiff,            )
                              )
vs.                           )   CV-97-PT-2085-M
                              )
GOVERNOR FOB JAMES, ET AL.,   )
                              )
        Defendants.           )

ENTERED

SEP 22 1999

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on August 25, 1999, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on September 3, 1999.

Plaintiff objects to the magistrate judge's determination that the "defendants were not deliberately indifferent to plaintiff's plight". Plaintiff bases his objection partly on his contention that he should not have been transferred to St. Clair Correctional Facility, a security level five facility, because he is classified as a medium custody prisoner. The magistrate judge correctly determined that plaintiff has failed to state a constitutional violation. As noted in the report and recommendation, in the absence of substantive limitations on official discretion, a prisoner has no protected liberty interest in freedom from transfer, *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Whitehorn v. Harrelson*, 758 F.2d 1416 (11th Cir. 1985). The magistrate judge noted that plaintiff has not pointed to any Administrative Regulation or Alabama statute which requires that he not be housed at St. Clair Correctional Facility because he is a security level four inmate. In his objections, plaintiff cites

information which he contends is contained in the Classification Manual of the Alabama Department of Corrections. The information provided by plaintiff, however, supports the magistrate judge's findings. On page two of his objections, plaintiff states that the Classification Manual of the Alabama Department of Corrections when describing St. Clair Correctional Facility states that "All custody categories can be maintained at this facility for the orderly operation of the facility." Clearly, plaintiff as a medium custody inmate can be housed at St. Clair Correctional Facility. There is no reason whatsoever why plaintiff should not be incarcerated at St. Clair Correctional Facility. The magistrate judge correctly determined that the defendants are entitled to summary judgment on this claim.

Plaintiff also bases his objections to the magistrate judge's determination that the defendants were not deliberately indifferent to his "plight" on his contention that since defendant Garrett was aware that plaintiff had been stabbed on a previous occasion during a prior incarceration at St. Clair Correctional Facility, he should have been aware that "it was possible plaintiff's life might be in danger". As noted by the magistrate judge in the report and recommendation, in none of the letters submitted by plaintiff as evidence in support of his claims, does plaintiff request that the defendants transfer him from St. Clair because he felt his life was in danger. In none of the letters does plaintiff state that any inmate had threatened to harm him. The fact that plaintiff had been stabbed by another inmate during a previous incarceration at St. Clair Correctional Facility does not mean that his life was in danger during a subsequent incarceration at that facility. Plaintiff does not state that the inmate who stabbed him during the previous incarceration had threatened him or was even incarcerated at St. Clair during plaintiff's subsequent incarceration. As noted in the report and recommendation, the law requires only that prison officials who are aware or who should be aware

of a threat to an inmate must act reasonably to provide that inmate protection from the danger. The plaintiff has presented no evidence to show that the defendants were aware of or should have been aware of any threat to plaintiff's safety. Further, as noted by the magistrate judge in the report and recommendation, the attack upon plaintiff was nothing more than an isolated incident which occurred without warning to either plaintiff or to the defendants. Plaintiff argues, however, that the question in this action in not whether or not the defendants were aware that he was going to be stabbed. He argues that the question in this action is why, given the facts known to the defendants, did they not take reasonable action to ascertain the situation and to determine if a prisoner in their custody was in danger. As noted, plaintiff wrote letters to defendant Deloach, if he had reason to fear for his safety, he could have <u>clearly</u> set forth his reasons in his letters. He did not do so.

Plaintiff claims further in his objections that defendant Deloach should have been aware of a threat to his safety because he continued to report harassment at the hands of correctional officers. The court is at a loss to see how there is a connection between plaintiff being harassed by correctional officers and his being unexpectedly attacked by another inmate. The court notes, however, that it is well established that verbal harassment or abuse does not state a constitutional violation. *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979). Words, threats and harassment are simply not actionable as violations of the Constitution. *Jones v. Superintendent*, 370 F.Supp. 488, 491 (W.D.Va. 1974), *citing Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973), *cert. denied*, 414 U.S. 1033 (1973). *See also Stacey v. Ford*, 554 F.Supp. 8 (N.D.Ga. 1982). The defendants are entitled to summary judgment with respect to plaintiff's claim that correctional officers harassed him.

In his objections, plaintiff again raises his claim that defendants Deloach and Garrett failed to adequately supervise and train defendant George. The magistrate judge has already correctly

3

determined that the defendants are entitled to qualified immunity with respect to this claim. There can be no question but that the training of correctional officers is within defendants Deloach and Garretts' discretionary functions. *Compare McCoy v. Webster, supra* (acts pursuant to duties as a jail shift supervisor are within discretionary function). Plaintiff has not identified, nor has the court's research located Eleventh Circuit or Supreme Court cases which hold that a warden and deputy warden must train a correctional officer to physically separate two inmates who are fighting, one of whom has a knife, without a weapon or baton to protect himself or herself. *See, e.g., Dell'Orfanio v. Scully*, 692 F.Supp. 226 (S.D.N.Y., 1988). Lacking such clearly established law, the defendants are entitled to qualified immunity.

Plaintiff's next takes exception to the magistrate judge's determination that defendant Hopper is entitled to summary judgment based on the doctrine of respondeat superior. Plaintiff argues that it is defendant Hopper's duty to supervise the entire Alabama prison system. Therefore, he knew or should have known of the danger to a prisoner incarcerated at St. Clair. The magistrate judge correctly found that plaintiff's claims with regard to defendant Hopper were based on respondeat superior. Absent some showing that defendant *actually* knew of, sanctioned, participated in or was otherwise "affirmatively linked" to the acts here complained of, the complaint is insufficient to state a cause of action under 42 U.S.C. § 1983. *See Gilmere v. City of Atlanta*, 774 F.2d 1495 (11th Cir. 1985) *cert. denied*, 476 U.S. 1115, 106 S. Ct. 1970, 90 L. Ed. 2d 654 (1986).

Finally, plaintiff objects to the magistrate judge's recommendation that summary judgment be granted the defendants. Plaintiff contends that the magistrate judge insinuates that there are deficiencies in plaintiff's pleadings. He argues that if his pleadings are deficient, and he contends that they are not, then it may be the magistrate judge's fault because he denied plaintiff's motion for

4

appointment of counsel and his motion for production of documents. The court has reviewed all the materials in the court file and has found that the magistrate judge ruled correctly and appropriately on all motions.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 2d day of Sept., 1999.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE